IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>JOSE LOPEZ-DIAZ [1],<br><br>**Defendant.** | **CRIM. NO.** 11-319 (JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is Defendant Jose Lopez-Diaz's [1] ("defendant") Motion to Suppress (Docket No. 112), and the Magistrate Judge's Report and Recommendation (the "Report") advising the Court to deny said motion (Docket No. 163). For the reasons stated below, the Court **ADOPTS** the Report, and accordingly, **DENIES** Defendant's Motion to Suppress.

**DISCUSSION**

Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b) and Local Rule 72, a district court may refer dispositive motions to a United States magistrate judge for a Report and Recommendation. See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc., 286 F. Supp. 2d 144, 146 (D.P.R. 2003). The adversely affected party may "contest the [m]agistrate [j]udge's report

and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States v. Mercado Pagan, 286 F. Supp. 2d 231, 233 (D.P.R. 2003) (citing 28 U.S.C. § 636(b)(1)). If objections are timely filed, the district judge shall "make a *de novo* determination of those portions of the report or specified findings or recommendation to which [an] objection is made." Rivera-De-Leon v. Maxon Eng'g Servs., 283 F. Supp. 2d 550, 555 (D.P.R. 2003).

"Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b)," and may be discarded. Velez-Padro v. Thermo King De Puerto Rico, Inc., 465 F.3d 31, 32 (1st Cir. 2006). Along a similar vein, objections that merely restate arguments addressed in a Report and Recommendation are not sufficient to alert the court as to errors on the part of the Magistrate Judge. Notwithstanding the above, a court must still review the Report and Recommendation *de novo* if a party submits detailed objections to the Report and Recommendation, even if those objections simply "[echo] arguments made before the Magistrate Judge." Id.

Here, Defendant's motion starts by stating that he objects to the Magistrate Judge's Report based on the "following." (Docket No. 164, p.1). What follows is, quite literally, the

same motion that was already before the consideration of the Magistrate Judge. (Cf. Docket Nos. 112 and 164). Thus, while defendant does not specifically address *where* the Magistrate Judge went awry with her reasoning, he still manages to present a "specific notice of his grievance." Thermo King, 465 F.3d at 32. In essence, that grievance is that he disagrees with the Magistrate Judge's conclusion that there was probable cause to issue the search warrant in question.[1]

We recognize that Thermo King compels a *de novo* review in this occasion. However, we are also mindful that an overly strict implementation of this rule, at least in those instances where a party presents a copy of the original motion as its "objections," would render the original referral to the Magistrate Judge useless. See Howard v. Sec'y of Health & Human Servs., 932 F.2d 505 (6th Cir. 1991). In Howard, the Sixth Circuit observed that in cases where the aggrieved party presents a skeletal or general objection,

> "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of

---

[1] Citing United States v. Zannino, 895 F.2d 1 (1st Cir. 1990), the Magistrate Judge discarded the rest of defendant's arguments because they were presented in a perfunctory manner and were unaccompanied by some effort at developed argumentation. Defendant does not contest this finding in his objections to the Report.

**CRIM. NO.** 11-319 (JAG)                                                                 4

> time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act."

Howard, 932 F.2d at 509. The Court finds that the same reasoning applies where, as here, the party seeking review of a report and recommendation presents the original motion in the guise of an objection. Simply put, the magistrate's work would be nothing more than an exercise in futility if the Court had to clear the same obstacles already discussed in the report.[2]

Thus, we put the instant matter to rest by noting that the Report accurately recounts the factual background of defendant's claims; correctly applies the appropriate law to the situation at hand; and the Magistrate Judge's recommendation to deny defendant's motion is sound and well supported by the record. After a *de novo* review of the Report, the Court hereby **ADOPTS** the Report and **DENIES** defendant's Motion to Suppress.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of January, 2012.

                                                S/ Jay A. Garcia-Gregory
                                                JAY A. GARCIA-GREGORY
                                                United States District Judge

---

[2] To be sure, we do not mean or imply that a court should review the magistrate's report for "clear error" in these cases. This would be directly contrary to the First Circuit's mandate in Thermo King.