```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA, **Plaintiff**, v. JOSE LOPEZ-DIAZ [1], CARLOS LOPEZ-DIAZ [2], **Defendants**. | **CRIMINAL NO.** 11-319 (FAB) |

## MEMORANDUM AND ORDER

**BESOSA, District Judge.**

### I. PROCEDURAL HISTORY

On March 27, 2012, the government filed a notice of intent to present material against the defendants pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)"). (Docket No. 209.) The government seeks to introduce (1) billing claims submitted by defendant Jose Lopez-Diaz for medical services that were allegedly not rendered to family members between June 2008 to April 2009; and (2) billing claims submitted by defendant Carlos Lopez-Diaz for dental services with incorrect billing codes for the place of service. Id. at pp. 1-2.

On April 16, 2012, defendants Carlos Lopez-Diaz and Jose Lopez-Diaz filed motions *in limine* to exclude that evidence. (Docket Nos. 225 and 228, respectively). Both defendants argue that (1) there is insufficient proof for the jury to reasonably find that the collateral bad acts or acts occurred and that the

Criminal No. 11-319 (FAB)                                                   2

defendants committed the purported collateral bad acts sought to be admitted; (2) the evidence is not relevant to anything other than the defendants' propensity to commit a crime; (3) the introduction of the purported bad acts will mislead the jury, confuse the issues at trial, waste time, and unfairly prejudice the defendants pursuant to Federal Rule of Evidence 403 ("Rule 403").  (Docket No. 225 at pp. 5-6 and Docket No. 228 at pp. 3-4.)

   The government filed a response on April 25, 2012.  (Docket No. 235.)  The government contends that some of the family members involved in the billing claims submitted by defendant Jose Lopez-Diaz for services that were allegedly not rendered include his daughters and co-defendants Nicole Lopez-Villamil and Ana Lopez-Villamil, as well as some of co-defendant Carlos Lopez-Diaz's children.  (Docket No. 235 at p. 5.)  The government also alleges that defendant Jose Lopez-Diaz used defendant Carlos Lopez-Diaz's information on those billing claims.  Id. at pp. 6-7.  That evidence, the government argues, shows that defendant Jose Lopez-Diaz had access to defendant Carlos Lopez-Diaz's medical billing information and that defendant Carlos Lopez-Diaz provided defendant Jose Lopez-Diaz with his children's personal identifying information to submit billings for services that were not rendered.  Id. at p. 7.  Thus, the government alleges, the evidence is admissible pursuant to Rule 404(b) to show knowledge, common plan, absence of mistake, and intent by the defendants.  Id.

Criminal No. 11-319 (FAB)                                                3

The government also argues that the billings submitted by defendant Carlos Lopez-Diaz with incorrect codes for the place of service triggered overpayments from Medicare, which show defendant Carlos Lopez-Diaz's motive and intent to commit Medicare fraud and a pattern of using unauthorized "Place of Service Codes" as his regular billing practice.  (Docket No. 235 at p. 11.)

The Court addresses these arguments in turn, noting that some of the issues raised will be more appropriately dealt with as they arise during the course of trial.

## DISCUSSION

## II. Standard for Admission under Rule 404(b)

Rule 404(b) prohibits the admission of prior bad acts to establish an individual's character or propensity to commit a crime.  The rule permits, however, the admission of prior bad acts "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."  United States v. Landry, 631 F.3d 597, 602 (1st Cir. 2011) (citing Fed.R.Evid. 404(b)).  Additionally, prior bad acts may be admitted in conspiracy cases under 404(b) if they "explain the background, formation and development of the illegal relationship."  United States v. Varodakis, 233 F.3d 113, 118 (1st Cir. 2000) (internal citations omitted).

To admit evidence of prior bad acts under Rule 404(b), a trial court must find that the evidence passes a two-part test.  Landry,

Criminal No. 11-319 (FAB)                                                    4

631 F.3d at 602. First, other than establishing propensity, "the evidence must have 'special relevance' to an issue in the case such as intent or knowledge." Varodakis, 233 F.3d at 118 (internal citations omitted). "Rule 404(b)'s list of [special relevance] purposes is not exhaustive." Landry, 631 F.3d at 603. To determine whether the proffered evidence has special relevance, the district court should consider the temporal relationship of the other act and the degree of similarity to the charged crime. Id. at 602 (citing Varodakis, 233 F.3d at 119). Second, "under Rule 403, evidence that is specially relevant may still be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Varodakis, 233 F.3d at 119.

## III. Legal Analysis

### A. Billing Claims Submitted by Defendant Jose Lopez-Diaz for Medical Services Provided to Family Members that were Allegedly Not Rendered

Defendant Jose Lopez-Diaz moves the Court to preclude evidence of his billing claims for medical services on family members that allegedly were not rendered. (Docket No. 228.) First, he argues that the evidence that the government seeks to admit is irrelevant because there is insufficient "proof for the jury to reasonably find that the collateral bad act or acts occurred and that the defendant committed the purported collateral bad acts." Id. at p. 4. Next, defendant Jose Lopez-Diaz argues that the only purpose of this evidence is to "improperly show that

Criminal No. 11-319 (FAB)                                                  5

Dr. Jose Lopez is a bad person with a propensity for committing crime and fraud." Id. at p. 2. Finally, he argues that "the unfair prejudice [caused by this evidence] will far outweigh any real probative value in this case." Id. at p. 5. The Court finds defendant Jose Lopez-Diaz's arguments unpersuasive.

### 1. Sufficiency of the Evidence Argument

"In the Rule 404(b) context, evidence of similar acts is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." United States v. Cicco, 370 F.3d 206, 211 (1st Cir. 2004) (citing Huddleston v. United States, 485 U.S. 681, 689-90)). The trial court need only find that the government has shown enough circumstantial evidence so that a jury *could* reasonably conclude by a preponderance of evidence that the prior bad act was committed. Id. at 212. For this determination, the trial court does not weigh the credibility of such evidence and does not have to find that the government actually proved the facts by a preponderance of evidence. Huddleston, 485 U.S. at 690.

The government indicates that there are at least thirty-four claims that defendant Jose Lopez-Diaz provided during discovery where he billed for procedures performed on family members. (Docket No. 235 at p. 5.) The government presents circumstantial evidence to suggest that some of the claims are for medical services that were not actually rendered. Id. at 5-6. For

Criminal No. 11-319 (FAB)                                                    6

example, the government states that defendant Jose Lopez-Diaz allegedly billed for treatment of a shoulder dislocation without anesthesia on his daughter, co-defendant Ana Lopez-Villamil, on June 22, 2008.  (Docket No. 235 at p. 5, Docket No. 235-1, Docket No. 235-2.)  The government also presents evidence showing, however, that this treatment could not have occurred because complications would have arisen given that his daughter would have been recovering from breast implant surgery at the time.  (Docket No. 235 at p. 5, Docket No. 235-3.)  The government also contends that the billing claims show how defendant Jose Lopez-Diaz billed for circumcisions that he performed on his nephews and grandchildren, which probably did not occur because  two of the alleged patients were seventeen and eight years old at the time. Id.  Given this evidence, the Court finds that there is sufficient evidence from which a jury could find by a preponderance of evidence that defendant Jose Lopez-Diaz submitted billing claims for medical services allegedly performed on family members but were not rendered.

     **2.   Special Relevance**

          In response to defendant Jose Lopez-Diaz's contention that this evidence will only be used for propensity purposes, the government argues that these acts are specially relevant to show a common scheme or plan to defraud a healthcare

benefit plan[1] and the absence of mistake. (Docket No. 235 at p. 7.) The Court finds that the temporal relationship to the charged act and the degree of resemblance to the crime favors inclusion of the evidence for the non-propensity purposes that the government describes. First, the alleged submissions of these billing claims were not so remote in time to reduce the probative value of this evidence. DeCicco, 370 F. 3d at 213. In fact, the billing claims that the government seeks to introduce allegedly occurred from June 8, 2008 to April 15, 2009, (Docket No. 235 at p. 5), which is concurrent with the time period set out in the indictment for this case - "January 1, 2006 and continuing through in or about July 27, 2011," (Docket No. 3 at p. 6). The overlapping time periods are probative of how all of these acts were done in progression and therefore, probative of a common scheme to defraud and absence of mistake on the part of defendant Jose Lopez-Diaz.

        Furthermore, the degree of semblance to the crime also favors inclusion of the evidence. They are a similar type of crime: defrauding a healthcare benefit program for personal gain.

---

[1] As indicated above, the government also argues that the acts should be admissible under Rule 404(b) to show knowledge and intent. The Court will not address these claims because the government made these statements in a perfunctory manner and fails to explain what kind of knowledge and what intent that evidence shows. (Docket No. 235 at p. 7.) These issues may be clarified, however, during trial and the Court will make a ruling on these arguments should they arise at trial.

Criminal No. 11-319 (FAB)                                                    8

Because the crimes are almost exactly the same, the billing claims are probative of how defendant Jose Lopez-Diaz "devised a scheme and artifice to defraud a health[sic]care benefit program." (Docket No. 3 at p. 7).  See United States v. McGauley, 279 F.3d 62, 72-73 (1st Cir. 2002) (denying a defendant's motion to exclude evidence of other incidences where defendant defrauded stores under Rule 404(b) because the government wanted to show that the defendant elicited refund checks as part of a broader scheme to defraud retail establishments).

Therefore, the Court finds that the billing claims may be introduced under Rule 404(b) as to defendant Jose Lopez-Diaz because they are specially relevant to a common scheme or plan and the absence of mistake to defraud a healthcare benefit program.

### 3. Rule 403 Analysis

Specially relevant evidence may still be excluded, however, if it does not comport with Rule 403's requirements that its probative value must outweigh the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed.R.Evid. 403; see also Varoudakis, 233 F.3d at 122 (internal citations omitted). The First Circuit Court of Appeals notes that Rule 403 protects "against *unfair* prejudice, not against all prejudice" (emphasis added). United States v. Whitney, 524 F.3d 134, 141 (1st Cir. 2008); see also United States v. Amaya-

Criminal No. 11-319 (FAB)                                                9

Manzanares, 377 F.3d 39, 45 (1st Cir. 2004) (discussing how all relevant evidence that the government introduces is prejudicial in some way to a defendant).  An exclusion pursuant to Rule 403 is an extraordinary measure and must be used in limited cases because it excludes relevant evidence.  Pursuant to Rule 403, the trial court has "considerable latitude in determining whether to admit or exclude evidence." Santos v. Sunrise Medical, 351 F.3d 587, 592 (1st Cir. 2003) (internal citations omitted).  When the trial court finds the balancing close, "Rule 403 tilts the balance in favor of admission." Whitney, 524 F.3d at 141 (internal citations omitted).

        With regard to the alleged false billing claims, defendant Jose Lopez-Diaz states that these "purported bad acts will mislead the jury and confuse the issues at trial, will waste time, and . . . the unfair prejudice will far outweigh any real probative value in this case."  (Docket No. 228 at p. 5.) Defendant Jose Lopez-Diaz makes no argument, however, as to why these acts will mislead and confuse the jury, waste time, or unfairly prejudice him.  As we noted earlier, the billing claims are specially relevant and probative of a common plan or scheme and absence of mistake to defraud a healthcare benefit plan on the part of defendant Jose Lopez-Diaz.  While the evidence may be prejudicial to defendant Jose Lopez-Diaz, it is not unfairly prejudicial.  It does not invite the jury to render a verdict on an improper emotional basis using "graphic or shocking events."

Criminal No. 11-319 (FAB)                                            10

Landry, 631 F.3d at 604; see also United States v. Tse, 357 F.3d 148, 163 (1st Cir. 2004) ("Usually, courts use the term 'unfair prejudice' for evidence that invites the jury to render a verdict on an improper emotional basis.")  Nor does it "encourage the jury to dislike or disapprove of the defendant independent of the merits."  Amaya-Manzanares, 377 F.3d at 45 (internal citation omitted).  Finally, instructing the jury to consider the evidence for limited purposes – for a common scheme or plan and absence of mistake by defendant Jose Lopez-Diaz – will mitigate the risk of any unfair prejudice to defendant Jose Lopez-Diaz.

The Court finds that the billing claims submitted by defendant Jose Lopez-Diaz for medical services on family members that were allegedly not rendered are admissible as to defendant Jose Lopez-Diaz.  Defendant Jose Lopez-Diaz's motion to exclude the evidence pursuant to Rule 404(b) is **DENIED**.

**B.   Billing Claims Submitted by Defendant Jose Lopez-Diaz as to Defendant Carlos Lopez-Diaz**

The government also seeks to admit Jose Lopez-Diaz's billing claims for medical services on family members to show that defendant Carlos Lopez-Diaz (1) gave his children's personal identifying information to defendant Jose Lopez-Diaz to submit false billing claims, and (2) gave defendant Jose Lopez-Diaz access to his dental practice records.  (Docket No. 209 at p. 2; Docket No. 235 at p. 7.)  The government alleges that this evidence is admissible under Rule 404(b).  Defendant Carlos Lopez-Diaz moves

Criminal No. 11-319 (FAB)                                                11

the Court to preclude evidence of defendant Jose Lopez-Diaz's billing claims for this purpose. (Docket No. 225.) He argues that the evidence is irrelevant to whether he gave his children's personal identifying information to defendant Jose Lopez-Diaz to submit billings for services not rendered. Id. at p. 6. He contends that the facts are insufficient to show that a "jury could reasonably conclude that [defendant] Carlos Lopez did what the government is alleging under these facts." Id. Finally, he argues that the evidence "will only mislead and confuse the jury, waste time at trial," and unfairly prejudice him. Id. The Court believes that more information is needed before it makes a determination on this motion. Therefore, the Court will rule on this motion when the issue arises during trial.

    **C.    Defendant Carlos Lopez-Diaz's Billing Claims For Dental Services With Incorrect Place of Service Codes**

Defendant Carlos Lopez-Diaz moves the Court to preclude evidence of his billing claims for dental services that allegedly misstates the place of service. (Docket No. 225.) He argues that the billing statements are "correct and accurate" and that billing for and operating a mobile clinic is not a criminal or bad act. (Docket No. 225 at p. 8-10.) He contends that healthcare carriers authorized and knew that defendant Carlos Lopez-Diaz operated a mobile clinic operation. Id. at p. 9-10.

The government responds that its Rule 404(b) notice has nothing to do with whether the carriers authorized or knew about

Criminal No. 11-319 (FAB)                                                12

defendant Carlos Lopez-Diaz's mobile dental practice. (Docket No. 235 at p. 8.) Instead, it argues that his practice of billing incorrectly - stating that his services took place in his own office when they did not occur in his office - is a prior bad act that is specially relevant to his motive and intent to defraud a healthcare benefit program, and a pattern of "using unauthorized Place of Service codes as [his] regular billing practice." Id. at p. 11. The Court finds defendant Carlos-Lopez Diaz's arguments unavailing and agrees with the government.

   **1.   Special Relevance**

       To show the special relevance of defendant Carlos Lopez-Diaz's incorrect billing, the government argues that the Medicare program requires providers who have mobile practices, like defendant Carlos Lopez-Diaz, to identify where they physically provide services. Id. at p. 8. Thus, if a treatment was given at a fixed location, such as a hospital or an elderly care center, even though a mobile practice existed, then the Place of Service ("POS") code for those fixed locations should be used for billing. (Docket No. 235 at p. 10; Docket No. 235-4 at p. 27.) The government contends that the randomly selected billing forms that were submitted by defendant Carlos Lopez-Diaz all used the wrong POS code to indicate that the services were performed in his office when they actually occurred at elderly care centers or other locations. (Docket No. 235 at p. 10.) The use of incorrect POS

Criminal No. 11-319 (FAB)                                                   13

codes triggered overpayments to the defendant "because Medicare pays more for certain physician services when they are provided at offices or freestanding clinics rather than at hospital departments."  (Docket No. 235 at p. 11; Docket No. 325-6 at p. 47.)  The government further argues that the Office of Inspector General of the U.S. Department of Health and Human Services reviews for such improper coding in order to eliminate waste and abuse.  (Docket No. 235-6 at p. 47.)

These actions occurred during the exact same period of time as stated in the indictment - between January 1, 2006 to July 27, 2011.  (Docket No. 3 at p. 6; Docket No. 235 at p. 7.)  Furthermore, this incorrect billing is similar to the crime charged in the indictment.  Id.  Thus, the Court finds that evidence of defendant Carlos Lopez-Diaz's billing with improper POS codes has special relevance because it is probative of his motive for committing the fraud: to obtain more money from the Medicare Program.  See United States v. Kirkham, 129 Fed. Appx. 61, 73 (5th Cir. 2005) (holding that bad acts evidence of fraudulent transactions was relevant to prove defendants' intent or motive with respect to the fraudulent scheme to submit false claims to a variety of health insurers).  The 125 randomly selected billing forms are also probative of defendant Carlos Lopez-Diaz's intent to engage in the fraudulent scheme and the existence of a continued pattern of incorrect billing.

Therefore, the Court finds that the billing statements with incorrect POS codes by defendant Carlos Lopez-Diaz may be introduced under Rule 404(b) because they are specially relevant to his motive and intent to defraud a healthcare benefit program. Furthermore, they are specially relevant to show a pattern of using improper POS codes as a regular billing practice.

**2. Rule 403 Analysis**

While the billing statements with incorrect POS codes may be prejudicial to defendant Carlos Lopez-Diaz, they are not unfairly prejudicial. The evidence does not invite the jury to render a verdict on an improper emotional basis using "graphic or shocking events". Landry, 631 F.3d at 604; Tse, 357 F.3d at 163. Nor does it "encourage the jury to dislike or disapprove of the defendant independent of the merits." Amaya-Manzanares, 377 F.3d at 45 (internal citation omitted). There is also no indication that introducing this type of information will be time-consuming or will waste time: the Medicare Program manuals are clear as to the regulations regarding how providers should bill for services and the billing statements show what codes were used by defendant Carlos Lopez-Diaz. Finally, instructing the jury to consider the evidence for the limited purposes of motive, intent, and a pattern of using incorrect billing codes will mitigate the risk of any unfair prejudice to defendant Carlos Lopez-Diaz.

Criminal No. 11-319 (FAB)                                              15

The Court finds that the billing claims with incorrect POS codes submitted by defendant Carlos Lopez-Diaz are admissible.  Defendant Carlos Lopez-Diaz's motion to exclude that evidence pursuant to Rule 404(b) is **DENIED.**

## CONCLUSION

For the reasons discussed above, the defendants' motions are **DENIED IN PART.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 16, 2012.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        United States District Judge